IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT NEW YORK

ALVIN TOPOL

          Plaintiff,

 -against-

OCEAN FROST CORP. and CARLOS
CARANGUIMINCHALA,

          Defendant.

Civil Action No.

JUDGE

PLAINTIFF DEMANDS
TRIAL BY JURY

## COMPLAINT

### COUNT I

1. This action arises under 28 U.S.C. Section 1332, as herein more fully appears.

2. That plaintiff ALVIN TOPOL is a citizen of the State of New York. The defendants are both citizens of the State of New Jersey.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of $100,000.00.

4. That at all times herein mentioned, the plaintiffs were authorized to sue by virtue of the fact that plaintiff, ALVIN TOPOL, sustained serious personal injuries as defined in subdivision (d), Section 5102 of the Insurance Law of the State of New York; and that she sustained economic loss greater than the basic economic loss as defined in subdivision (a), Section 5102 of the Insurance Law of the State of New York.

5. Upon information and belief, that at all times herein mentioned, the defendant, OCEAN FROST CORP., was the owner of a motor vehicle bearing New Jersey State license plate No. XF132G for the year 2006.

6.     Upon information and belief, that at all times herein mentioned, the defendant, and CARLOS CARANGUIMINCHALA, was the operator of a motor vehicle bearing New Jersey State license plate No. XF132G for the year 2006.

7.     Upon information and belief, that at all times herein mentioned, the defendant, OCEAN FROST CORP., was the lessor of a motor vehicle bearing New Jersey State license plate No. XF132G for the year 2006.

8.     Upon information and belief, that at all times herein mentioned, the defendant, OCEAN FROST CORP., was the lessee of a motor vehicle bearing New Jersey State license plate No. XF132G for the year 2006.

9.     Upon information and belief, that at all times herein mentioned, the defendant, CARLOS CARANGUIMINCHALA, was the lessor of a motor vehicle bearing New Jersey State license plate No. XF132G for the year 2006.

10.    Upon information and belief, that at all times herein mentioned, the defendant, CARLOS CARANGUIMINCHALA was the lessee of a motor vehicle bearing New Jersey State license plate No. XF132G for the year 2006.

11.    Upon information and belief, that at all times herein mentioned, the defendant, and CARLOS CARANGUIMINCHALA, operated the aforesaid motor vehicle with the knowledge, permission and consent of defendant OCEAN FROST CORP.

12.    Upon information and belief, that at all times herein mentioned, the defendant, and CARLOS CARANGUIMINCHALA, operated the aforesaid motor vehicle within the course of his employment for defendant OCEAN FROST CORP.

13.    That at all times herein mentioned, First Avenue, at or near its intersection with 85th Street, City, County and State of New York, was and still is a public highway in common use by the residents of the State of New York and others.

14. Upon information and belief, that at all times herein mentioned, the plaintiff, ALVIN TOPOL was lawfully a pedestrian at the aforesaid location.

15. That on the 8th day of May, 2006, while defendant CARLOS CARANGUIMINCHALA, was negligently operating the aforesaid motor vehicle on First Avenue at or near its intersection with 85th Street, in the City, County and State of New York, CARLOS CARANGUIMINCHALA negligently caused said vehicle to come into contact with the pedestrian plaintiff, ALVIN TOPOL.

12. That said accident occurred without any negligence on the part of the plaintiff contributing thereto, and was caused solely by reason of the negligence of the defendant herein in the ownership, operation, maintenance and control of his aforesaid motor vehicle.

13. That by reason of the negligence of the defendant as aforesaid, plaintiff, ALVIN TOPOL, sustained serious injuries and became sick, sore, lame and disabled, and so remains, that he was hospitalized and incapacitated from his employment, and will further require medical care and attention in an effort to cure himself of said injuries, and upon information and belief, his injuries are permanent.

14. That by reason of the foregoing, plaintiff, ALVIN TOPOL, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and makes claim for said sum.

WHEREFORE, plaintiff demands judgment against the defendants, OCEAN FROST CORP. and CARLOS CARANGUIMINCHALA, on Count I, in the sum of ONE MILLION ($1,000,000.00) DOLLARS; together with the costs and disbursements of this action; and plaintiff makes claim for said sum.

BARON & PAGLIUGHI, ESQS.
Attorneys for Plaintiff


BY: _____
          PETER D. BARON (PDB 8519)
85 Main Street – Suite A
Cold Spring Harbor, New York 11724
(631) 367-7000